EPIFANIO SORIA, Plaintiff and Appellant, *v.* FERNANDO USERA, MUNICIPAL JUDGE OF PONCE, Defendant and Appellee.

No. 4091. Argued March 15, 1927.—Decided April 8, 1927.

*E. Flores Colón* for the appellant. The adverse party did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

Successors of Federico Font, Ltd., sued Francisco Costa in the Municipal Court of Ponce and attached a property which Epifanio Soria claimed from the marshal as belonging to him. He gave to the marshal a bond to secure the return of the attached property in case he failed to prove his claim thereon. The marshal delivered the property to Soria and

there appears at the foot of the writ a three-dollar revenue stamp which is canceled.

The clerk of the court, after receiving that bond from the marshal, notified, on July 17, 1926, Epifanio Soria that he had to enter appearance within ten days. On the 28th of the same month the clerk registered the notice of appearance of intervenor Soria without any revenue stamp and on the following day Successors of Federico Font moved the municipal court for dismissal of the action of intervention because the intervenor had failed to file the notice of appearance within ten days. The court granted this and rendered judgment dismissing the complaint in intervention, ordering the return of the attached property. The intervenor moved to reconsider the judgment, alleging that no stamp had been affixed to the notice of appearance because he understood that the stamp had to be affixed to the complaint to be filed by him afterwards and that in accordance with section 140 of the Code of Civil Procedure he should be allowed to fix the stamp to his notice of appearance. The municipal court overruled the motion, whereupon the intervenor filed a petition in certiorari in the District Court of Ponce which issued the writ, although it discharged the writ after having received the original record from the municipal court and heard the parties. It is from that ruling that this appeal has been taken.

The appellant alleges that the only question to be decided in this appeal is whether in actions of intervention in ownership of personal property the intervenor has to pay the statutory fees twice, or whether they must be paid only at the commencement of the action.

According to the Act of March 14, 1907, which was in part amended in 1908, whenever any marshal shall levy a writ of execution on personal property and such property shall be claimed by a third person, such claimant may make an affidavit in writing stating that he makes such claim in good faith and shall present such affidavit to the marshal

with his bond for twice the value of the property claimed to secure the return of such property or its value in case of failure to prove his claim. The property then shall be delivered to him, all of which shall be endorsed on the back of the writ by the marshal, who shall then forward the bond and the affidavit to the court issuing the writ. On receipt of the said documents the clerk of the court shall make the proper entry in the docket of the cases of said court. It is also provided in that Act that on receipt of the oath and the bond by the clerk he shall notify thereof all the parties who shall appear ten days after receiving such notification; and, on their appearance, the court shall order all the proceedings to be set down in writing, stating briefly the nature of the right of the person claiming such property; and if the plaintiff does not appear after having been duly notified, the complaint shall be dismissed, and if the defendant fails to appear, judgment by default shall be entered.

Act No. 17 of 1915 provides that all amounts received in the offices of district and municipal courts shall be paid in internal revenue stamps to be affixed by the clerks and marshals under their own responsibility on the margin or at the foot of the documents registered, which stamps shall then be canceled, and that for each complaint in a litigious civil action in a municipal court three dollars shall be paid to the clerk; but in the schedule of fees payable to marshals no payment is provided for the claim on attached property. Section 6 of Act No. 17 provides that each and every document or instrument required by that Act to bear an internal revenue stamp or stamps shall be null and void and shall not be admitted as evidence in a trial court unless such stamps be attached thereto.

In view of the wording of the schedule requiring the payment of three dollars for each complaint in the municipal courts and bearing in mind that according to the law on intervention the complaint of an intervenor shall be filed after he has entered his appearance, we are of the opinion that the

amount should be paid on the filing of the complaint in intervention and not on the filing of the notice of appearance. Therefore, such appearance was not null and void for failure to affix to the notice thereof the three-dollar revenue stamp which should be paid for the filing of the complaint, and the dismissal of the action of the intervenor on that account was not proper. Apart from this, and as an additional reason, the intervenor paid three dollars in internal revenue stamps to the marshal who delivered the attached property to him and, as no payment had to be made for this service, the three dollars could be considered to have been paid for the filing of his complaint, unless he had to pay the fees twice. Therefore, when he entered his appearance the three dollars which he had to pay for the filing of the complaint had already been paid.

For the foregoing reasons the judgment appealed from must be reversed and substituted by another setting aside the judgment of the Municipal Court of Ponce that dismissed the complaint in intervention.